IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO FUENTES-SANCHEZ, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 317-036 |
| VANCE LAUGHLIN, Warden, | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, a state inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

On December 19, 2007, the Richmond County Superior Court sentenced Petitioner to fifteen years imprisonment for vehicular homicide, five years imprisonment for being a

habitual violator, and 12 months imprisonment for driving under the influence.[1] Petitioner is incarcerated at WCF and has a maximum possible release date of June 8, 2022.[2] Petitioner alleges the Department of Homeland Security ("DHS") violated his Fourteenth Amendment Due Process rights when it "violate[d]" his immigration status on August 30, 2016, "without a de novo review." (Doc. no. 1, pp. 6-7.) Petitioner also alleges his Sixth Amendment rights were violated under the Immigration and Nationality Act when a removal hearing was held "without proper counsel." (Id. at p. 7.) Petitioner did not include a request for relief in his petition. (Id. at p. 8.)

## II. DISCUSSION

The Court does not have jurisdiction under § 2241 based on a challenge to Petitioner's DHS detainer because Petitioner is not in DHS custody. Because a writ of habeas corpus grants relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c); Orozco v. United States INS, 911 F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."). Because Petitioner challenges the detainer lodged against him by DHS, the Court only has jurisdiction if Petitioner is in DHS's custody.

Petitioner is still serving his state sentence at WCF, and thus he is not being held pursuant to the immigration detainer. Furthermore, the mere lodging of a DHS detainer does

---

[1] Augusta, GA Case Management Search, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search" hyperlink; then search Case # for "2007RCCR00986," last visited Aug. 10, 2017).

[2] Georgia Department of Corrections, available at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Fuentes-Sanchez, Jose," last visited (Aug. 10, 2017).

2

not by itself cause a petitioner to come within DHS's custody for purposes of § 2241. Orozco, 911 F.2d at 541; Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010). Thus, Petitioner has not come within DHS's custody and remains in the custody of the warden at his current facility. Because the relief requested in the instant petition cannot be granted by Petitioner's custodian, the warden at WCF, jurisdiction under § 2241 is lacking. Id.; see also Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 583-84 (11th Cir. 2013) (*per curiam*) (affirming dismissal of § 2241 petition for lack of jurisdiction where removal order was entered in 1984, immigration detainer was lodged in 2007, but petitioner was still serving state sentence).

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 18th day of August, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA